Lipscomb. J.
Tills suit was brought before a justice of Bowie county, under the provisions of an act of the Congress of the Republic, “to provide a summary remedy to enable landlords and lessors to obtain possession of lauds or tenements unlawfully detained or withheld by tenants,” passed the 5th February, 1840.
In evidence of the tenancy of Hendrick, the plaintiff in error, under Cannon, the defendant in error, a contract between the parties was introduced, by which the premises in question were leased by Cannon to Hendrick for a term to expire on the 25th day of December, 1845. The defendant answered, •denying that the plaintiff ever was in possession of the premises. He admits that he entered into the contract of renting the land; that he believed at the time of making such contract that the premises belonged to the plaintiff, but has discovered that he is not the owner; that he, the defendant, is the legal owner. He denies that any demand had ever been made of him to give up the possession, or that the plaintiff ever attempted to enter into possession. The jury returned a verdict for the plaintiff, and the defendant appealed to the District Court and gave bond and security in the sum of four hundred dollars, conditioned to perform the judgment the District Court might render. In the District Court there was a verdict for the plaintiff for his right of possession and for nine hundred and forty-six dollars, on which verdict the court awarded a judgment that he should have a writ of restitution, and also judgment for nine hundred and forty-six dollars aud costs; and on motion rendered judgment against the security in the appeal bond for the same amount. There was a motion made for a new trial and overruled by the court. The defendant sued out a writ of error returnable to this court, and he asks for a reversal of the judgment on the following assignment of errors:
1st. That there was no evidence to show that Green, one of the defendants, had anything to do with the land leased or was ever on the same.
2d. That there was no proof of a demand on the part of the plaintiff for the land leased, or of any attempt by him to enter thereon.
3d. That the jury was not sworn as the statute prescribed.
4th. That there was no evidence as to the quantity or value of the corn and cotton raised on the land leased, or that any was raised; consequently that the verdict was unsupported by evidence; neither is it warranted by the terms of the contract or of the statute under which the action was brought.
5th. The verdict was illegal in not separating the damages from the value of the rents, and in being excessive and vindictive.
6th. That the judgment is rendered against the security in the appeal bond for nine hundred and forty-six dollars and costs, when the amount of the appeal bond is only four hundred dollars.
We will take up these assignments in the order they have been presented. As to the first, Green is not included in the verdict of the jury nor in the judgment of the court below now sought to be reversed; he is not a party in this court, and it cannot be material whether there was evidence against him or not. He seems to have been originally a eodefendaut, but he was not a party to the lease, and if his costs have not been allowed to him it is a matter for his consideration and not for the plaintiff in error.
On the second assignment, it is not believed that in a case like the one under consideration any previous demand was necessary. By the stipulations contained in the lease it was to expire on the 25th day of December, 1845. Until that time arrived the defendant’s possession was a lawful one; beyond that term it was unlawful, as the tenancy had then expired by the limitation contained in the deed. There are instances in which a demand is absolutely necessary before any action can be instituted to recover the possession, such as a tenancy at will or from year to year until notice to quit. Or if there is a negotiation for a sale of land, and the vendor should let the vendee into possession, and the sale should fail from any cause, the owner cannot recover possession *126 until after a demand. (2 Stark., SG5.) In lilis case the possession was illegal after the expiration of the term fixed by the lease. The defendant, too, having in his answer attempted to impeach the title of his lessor, shows-more clearly that there was nothing to be obtained from him by a previous demand.
Note 44. — Cheatham v. Riddle, 8 T., 166; Ward v. Tinnen, 10 T., 187; Sartain v. Hamilton, 14 T., 348; Trammell v. Trammell, 15 T., 292; Herndon v. Bremond, 17 T., 432: Chappell v. Brooks, 33 T., 275; Cook v. Steel, 42 T., 66.
Note 45. — Martin v. Sykes, 25 T. Sapp., 197.
It is believed there is nothing in the third assignment worthy of notice. The oath prescribed by the statute for the jury in'the Justice’s Court is not materially different from (hat of the oath of the traverse jury in the District Court, and on the trial in the District Court on appeal the jury was sworn as in ordinary issues of fact.
To understand (lie fourth assignment correctly, it will be necessary to refer to the lease under which the defendant entered into the possession of the premises. It was for the year 1845, and by its terms the lessor was to receive a certain portion of the corn and cotton made on the premises, for rent. And the counsel for tile plaintiff in error earnestly contended that it should have been proved what amount of cotton and corn was made, and the value of each, and that this should have formed the basis of the estimate for the jury. We cannot perceive that what was made in that year has any relation whatever tot his suit. It was not brought for that year’s rent, but for the unlawful holding over, and for the rents of the time so unlawfully held over. And this was to be ascertained by evidence to the jury of the annual value of such land. From the evidence embraced in the statement of facts it was proved to be worth from three to four dollars per acre per year, and that there were forty acres of laud. The eleventh section of the act under whicli the suit was brought provides that if the defendant shall fail to establish his right of possession, lie shall be condemned to pay the plaintiff three times the value of the rents which may have accrued, besides being liable for all other damages resulting from the illegal detention. The record shows that the tenancy expired on the 25th December, 1845, and the verdict of the jury was returned in September, 1848, showing that the tenant had held over and deprived the lessor of the use and rent of his land for three years. Taking then the facts and applying the law, we are not authorized to conclude that the verdict of the jury was unsupported by evidence unauthorized by law or for an amount excessive and vindictive. If the law seem to be a hard one in imposing such consequences on a tenant for holding over, it will be recollected that the faculty of its amelioration is not with us, and that it only applies to cases where a tenant is guilty of a moral delinquency and a spirit of treachery to his lessor, condemned and forbidden in every age and country.
The fifth assignment is believed to be merely technical. It would certainly he more in form had the jury called the amount of their finding “for rent,” but it is not material to the interest of the parties. There can be no doubt that they meant that the amount so found was for treble the value of the rent of the land.
The sixth assignment is well taken. There can be no doubt that in rendering judgment against the security for any amount greater than his bond, the court erred, and for this error the judgment, so far ns it relates to Kelly, the security, would have been reversed had he been a party in the application to-this court for a reversal of the judgment; but he has not complained or sought its reversal, and has not joined in the petition for a writ of error or in any way complained of the judgment being erroneous. It must, therefore, be affirmed as to the plaintiff in error and his securities in the writ of error bond. Should it be thought necessary to make any order as to the security in the appeal from the judgment of the justice of the peace, it will be hereafter ordered.
Judgment affirmed.