## ALLEN AND NEELY VS. GRIDER.

On appeal from the judgment of a justice, the surety is not responsible beyond the penalty of the recognizance, If the finding in the circuit court exceed the penalty, the appellee may elect to release the excess and take judgment against both principal and surety, or take judgment against the principal alone for the amount found, and pursue his remedy on the recognizance against the surety.

### Appeal from Cross Circuit Court.

Hon. JAMES M. HANKS, Circuit Judge.

WATKINS & ROSE, for the appellants.

Mr. Justice COMPTON delivered the opinion of the court.

Mrs. Grider, the plaintiff below, sued the defendant before a justice of the peace, and recovered judgment for seventy-five dollars besides costs. On entering into recognizance in the sum of one hundred and fifty dollars conditioned according to law, with William A. Neely as his security, the defendant appealed to the circuit court, where, on a trial *de novo*, the cause was submitted, by consent, to the court sitting without a jury, who found for Mrs. Grider, the sum of two hundred dollars. A motion for a new trial was overruled, and judgment rendered for the amount of the finding, together with costs, against the defendant and his security in the recognizance, to reverse which they have appealed to this court.

The several grounds assigned for a new trial may be considered together, as they are based upon the assumption that the evidence is not sufficient to support the finding. We have carefully considered the testimony, as set out in the bill of exceptions, and have not been able to reach the conclusion that there is such a lack of evidence as would warrant us in disturbing the finding of the court below. There was, therefore, no error in overruling the motion for a new trial.

The court erred, however, in rendering judgment against the security for a sum exceeding the penalty of the recognizance. (*Ives vs. The Merchants Bank of Boston*, 12 *How. U. S. Rep.*, 159; *Hendrick vs. Cannon*, 5 *Texas*, 248; *Unterrein adm. vs. McLane*, 10 *Missouri*, 343;) and the judgment being erroneous as to one, is bad as to both. *Murphree vs. The Bank of the State*, 4 *Ark.*, 448; *Cole vs. Wagner*, 2 *Ark.*, 155.

The judgment must be reversed and the cause remanded with instructions to the court below, to enter judgment for the amount of the finding against the appellant, alone, leaving the appellee to pursue her cumulative remedy against the security, by appropriate action on the recognizance, or enter judgment against the appellant and the security, jointly, for a sum not exceeding the penalty of the recognizance, as the appellee may elect.