## CORPUS CHRISTI GAS CO. v. CITY OF CORPUS CHRISTI.*

### No. 5851.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1931.

S. J. Brooks and Howard Templeton, both of San Antonio, Tex. (Templeton, Brooks, Napier & Brown, of San Antonio, Tex., on the brief), for appellant.

Gordon Boone, Jas. M. Taylor and Russell Savage, all of Corpus Christi, Tex. (Russell Savage, of Corpus Christi, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Plaintiff brought this suit for damages alleged to have been suffered through the wrongful issuance in the state court of a writ of injunction prohibiting it from distributing natural instead of artificial gas through its mains under its franchise. Plaintiff alleged that the writ was first issued on March 1, 1923, and on trial was perpetuated, but that it was subsequently dissolved by final decree of the Court of Civil Appeals of the state on January 6, 1927. Damages were claimed in the sum of $475,000. The lower court dismissed the petition, holding that it disclosed no cause of action. His ruling was that, no bond having been fixed by the state trial court to be given by the city, there was no basis for determining its liability.

The charter of the city in section 6 provides as follows: "City not Required to Give Bond.—It shall not be necessary in any action, suit or proceeding in which the City of Corpus Christi is a party for any bond,

undertaking or security to be demanded or executed by or on behalf of said City in any of the State Courts, but in all such actions, suits, appeals or proceedings shall be conducted in the same manner as if such bond, undertaking or security had been given as required by law, and said City shall be just as liable as if security of bond had been duly executed;"

Article 768 of the Revised Statutes of Texas (1911) also declares: *"City Exempt from Giving Bond in Suits.*—It shall not be necessary in any action, suit or proceeding in which the city, accepting the provisions of this title, shall be a party, for any bond, undertaking or security to be executed in behalf of the city; but all such actions, suits and proceedings shall be conducted in the same manner as if such bond, undertaking or security had been given, and, for all the purposes of such actions, suits and proceedings, the city shall be liable in the same manner, and to the same extent, as if the bond, undertaking or security in ordinary cases had been duly given and executed."

■ In litigation between private persons, the giving of bond is a condition precedent to the issuance of a writ of injunction, which must be made payable to the defendant and be conditioned that the plaintiff "will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part." Revised Statutes of Texas (1925), art. 4649. This last-mentioned section has been construed by the courts of Texas to render the principal in an injunction bond liable for such damages as the defendant may suffer, even though they exceed the amount of the bond. Miller Surfacing Company v. Bridgers (Tex. Civ. App.) 269 S. W. 838–840; Railway Company v. Miller (Tex. Civ. App.) 38 S. W. 1132; Lancaster v. Roth (Tex. Civ. App.) 155 S. W. 597; Anderson v. Wilson (Tex. Civ. App.) 204 S. W. 784; Martin v. Sykes, 25 Tex. Supp. 197; Hendrick v. Cannon, 5 Tex. 248.

■ The provision of the charter above exempts the city from giving bond, but declares that it "shall be just as liable as if security or bond had been duly executed"; and the section of the Revised Statutes declares that a municipality "shall be liable in the same manner, and to the same extent, as if the bond, undertaking or security in ordinary cases had been duly given and executed." We think this means that the city is simply relieved from giving bond, but that it remains liable for damages to the same extent as ordinary suitors; and, since the latter are responsible, under the authorities cited, to the extent of the injury suffered, notwithstanding the limitations of the bond in so far as sureties are concerned, it follows that a city is also.

■ The authorities cited by the lower court in support of its decision to the contrary either arose under the old common-law doctrine requiring malice or want of probable cause to entitle a defendant to recover for the suing out of a writ of injunction, or were controlled by the peculiar provisions of the statutes construed. The leading case cited and relied upon was that of the City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206, 116 N. E. 998. Even as to private litigants, the Code of Civil Procedure of New York (section 620) declares that a plaintiff seeking an injunction shall give bond with one or more sureties "to the effect that the plaintiff will pay to the party enjoined, such damages, *not exceeding a sum, specified in the undertaking,* as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto," and, by an amendment of 1894 (section 1990 as amended by Laws 1894, c. 90), municipal corporations were relieved from giving bond for injunction; the language of the statute being: "Such corporation shall be liable for all damages that may be so sustained by the opposite party by reason of * * * injunction *in the same case and to the same extent as sureties to an undertaking would have, if such an undertaking* had been given." (Italics by the writer of this opinion.) As demonstrated by the New York Court of Appeals, through Judge Cardozo as its organ, the law of New York clearly fixes the limit of liability of a municipality to that of a surety, and of course the latter could not be held beyond the amount which the court might fix. No amount having been set by the court in that case, it was found that there was no basis for determining the city's liability. On the other hand, the Texas statutes seem to be perfectly plain that a municipality is liable "to the same extent" as "in ordinary cases" (those of private litigants) in which the plaintiff can be made to respond to the extent of the damages suffered. The court below says that only the intermediate courts of Texas have held a principal liable in excess of the amount of the bond. However, we find that the Supreme Court of that state made such a ruling in the early case of Hendrick v. Cannon, supra, which has been followed by the Courts of Appeal. We are con-

struing Texas statutes, and are bound by the interpretations placed thereon by the court of last resort of that state, especially since it agrees with our own view of the meaning of the sections under consideration.

For the reasons assigned, the judgment appealed from is reversed.