### WEST v. ELLIS COUNTY.
### No. 2985.

Court of Civil Appeals of Texas. Waco.
June 26, 1951.

road of said county by building and maintaining a fence across the same, in violation of Article 784 of the Penal Code of the state, which constituted a public nuisance; and prayed that he be given notice as required by law and that upon hearing he be temporarily enjoined from maintaining said fence across said road pending final hearing.

The defendant answered, and after a hearing the court granted a temporary injunction enjoining him from maintaining said fence across the road.

The case is before us without a statement of facts. The court did not file any findings of fact and conclusions of law and the record does not reveal any request therefor. The trial court did make the following findings in his judgment: "Came on for consideration the application of Ellis County, plaintiff, for a temporary injunction upon its verified petition after due notice to J. C. West, defendant, as directed by me, the plaintiff having appeared by its attorney, and defendant having appeared in person and by attorney, and the Court having considered said verified petition and fully heard all evidence and considered same, and the arguments of counsel, and it appearing that plaintiff is entitled to the temporary injunction as herein granted, same being within its allegations and prayer, for the reason that defendant is willfully maintaining a fence which is obstructing the Lone Oak to Slay road, same being a public road in the road system of Ellis County, Texas."

Appellant's first point is: "The trial court erred in granting a mandatory injunction requiring appellant to remove an alleged obstruction over an alleged public road because Article 110, Code of Criminal Procedure, affords a full, complete and adequate remedy at law."

J. C. Jacobs, Corsicana, for appellant.

Stuart B. Lumpkins, Waxahachie, for appellee.

LESTER, Chief Justice.

Ellis County filed suit in the District Court of Ellis County against J. C. West, alleging that he had obstructed a public

The obstruction of a public road is a nuisance per se and the County had the right to proceed under said article if it saw fit, but also had the right to proceed in equity for the abatement of said nuisance. T.J., Vol. 21, pp. 413, 414, 442 and 445; Moore & Savage v. Kopplin, Tex.

Civ.App., 135 S.W. 1033 (writ den.); Huston v. Throckmorton County, Tex.Civ.App., 215 S.W.2d 387.

Appellant's second point is: "The trial court erred in ordering appellant to remove his fence without first requiring appellee to post a bond to secure appellant in his damages as required by Article 110, C.C.P."

Relating to the issuance of temporary injunctions, Rule 684 Rules of Civil Procedure provides that the court shall fix the amount of security to be given by the applicant, and further provides that the bond shall be executed before the issuance of the court's order. If appellee is not exempt under Article 279a, Vernon's Ann. Civ.Stats., a bond should be required before the execution of the court's order in the case at bar. Article 279a in part provides: "Neither the State of Texas, nor any county * * * shall be required to give any bond incident to any suit filed by any such agency and/or entity, for costs of Court or for any appeal or writ of error taken out by it or either of them, nor any surety for the issuance of any bond for the taking out of writs of attachment, sequestration, distress warrants, or writs of garnishment in any civil case."

While this article does not expressly exempt counties from the requirement of executing a bond before the issuance of a temporary injunction, but referring to the caption of the Act, which was passed by the 44th Legislature and which appears in Vol. 29, p. 670, Gammel's Laws of Texas, same being Chapter 283(1935) we find that same reads as follows: "An Act exempting the State of Texas, any county in the State, any State Department or the head of any State Department and corporations created and/or to be created by or under authority of any Act of Congress of the United States of America as a National Relief Organization from giving security for costs or the posting of bond or bonds in securing any extraordinary writs in any action brought in their official capacity in the Courts of this State; repealing all laws in conflict herewith, and declaring an emergency."

We can not conceive of any reason why the Legislature intended to exempt counties from executing a bond before the issuance of extraordinary writs, such as writs of attachment, sequestration, distress warrants and writs of garnishment, and require a bond from a county before the issuance of a temporary injunction. It has long been the well recognized rule that in suits by counties no bond should be required of them before the issuance of extraordinary writs. Therefore, we are of the opinion that it was the intention of the Legislature to exempt them from giving bond in cases where a temporary injunction is sought and granted.

Appellant contends that the court had no power or authority to grant a mandatory injunction at a hearing for a temporary injunction. This proposition is overruled. Huston v. Throckmorton County, Tex.Civ.App., 215 S.W. 387, and cases cited therein.

Appellant further contends that the trial court abused his discretion in granting a mandatory injunction at a temporary hearing, in the absence of some showing that the County would sustain extreme or serious damages unless the status quo were changed. As hereinbefore said, the case is before us without a statement of facts and no findings of fact except those contained in the trial court's judgment. In the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment, and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363.

The judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this appeal.