**CHESTERFIELD FINANCE COMPANY et al., Appellants,**

**v.**

**STATE of Texas, Appellee.**

**No. 3671.**

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1959.

Rehearing Denied Feb. 11, 1960.

Carl C. Mays, Dallas, for appellants.

Will Wilson, Atty. Gen., for appellee.

WILSON, Justice.

This is an appeal from an order temporarily enjoining appellants "from demanding, receiving, or by the use of any means attempting to collect from the borrower usurious interest on account of any loan, or from thereafter charging any borrower usurious interest, or contracting for any usurious interest; and from making any collection efforts that would be considered as undue harassment; and from destroying, removing, collecting, altering or secreting any records, books, files, accounts, correspondence or contracts or from selling, transferring, assigning or otherwise disposing of any notes, accounts or contracts except with the prior approval of this Court."

◼ Appellants contend the affidavit by which appellee's petition was verified is insufficient. It recites affiant has carefully read the allegations in the petition and that each and all "are true and correct, except those based upon information and belief, and as to such matters based upon information and belief he believes the same to be true." Appellants' exception that the affidavit fails to show which allegations are sworn to as true and correct and which

are on information and belief, does not appear to have been presented to, or acted on by the court. The temporary injunction in this case was granted after pleading by defendants and after a full hearing. The cases relied on by appellants holding the affidavit will not support the writ, with the exception of one by a divided court, are those in which the temporary injunction was summarily granted without notice or hearing. In Eccles v. Daniels, 16 Tex. 136, 142, Chief Justice Hemphill differentiated between ex parte cases in which immediate summary relief is sought upon the filing of the petition, and those in which a hearing is had after notice. In the latter instance the defective verification does not preclude granting the writ. The point is overruled. Eccles v. Daniels, supra; Brown v. Munger Farm Co., Tex.Civ.App., 87 S.W.2d 527; Magnolia Petroleum Co. v. State, Tex.Civ.App., 218 S.W.2d 855, 857, writ ref. n. r. e.; Tips v. Railroad Commission, Tex.Civ.App., 110 S.W.2d 585, 587, writ dis.; Wilkinson v. Lyon, Tex.Civ. App., 207 S.W. 638.

◼ Additional points assert the court erred in granting, by the temporary injunction, the total relief obtainable upon final trial on the merits. The prayer in appellee's petition was for the temporary relief to which the trial court's order was limited. The State's further prayer, however, is for additional relief on final hearing permanently enjoining appellants from "entering into any so-called 'brokerage contract' under the scheme or plan of business" alleged in the petition. The order appealed from is restricted as set out above, restraining any usurious transactions and "undue harassment," and maintaining the status quo as to records and contracts under the court's supervision. This order does not accomplish the ultimate and complete object of the suit. The point is overruled. Cain, Brogden & Cain, Inc. v. Local Union No. 47, 155 Tex. 304, 285 S.W.2d 942, 951; Texas Foundries v. International Moulders, 151 Tex. 239, 248 S.W.2d 460, 464; Rattikin Title Co. v. Grievance Committee, Tex.

Civ.App., 272 S.W.2d 948, 955; Gifford v. State, Tex.Civ.App., 229 S.W.2d 949; Texas Finance & Thrift Ass'n v. State, Tex. Civ.App., 224 S.W.2d 522, 525.

This action is brought by the State through the Attorney General under Art. 4646b, Vernon's Ann.Tex.Stats., alleging that appellants are in the business of habitually loaning money under a brokerage plan, alleged to be a subterfuge by which "brokerage fees" are charged to evade the usury laws. The plan is described in detail. Appellants assert the State failed to prove its case and the temporary injunction was improperly granted because, they contend, it was conclusively established appellants acted as agents for borrowers in arranging loans from lending institutions and there is no evidence to indicate their plan was not bona fide.

The sole question on the State's application for temporary injunction was its right to preservation of the status quo. To establish such right it was required only to "show a probable right and a probable injury." The trial court's discretion and order in determining whether the writ will issue will be reversed only for clear abuse of such discretion. There is no abuse where "the evidence tends to sustain" allegations of the petition alleging a cause of action. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552; Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Texas Foundries v. International Moulders, 151 Tex. 239, 248 S.W.2d 460, 462; Southwest Weather Research, Inc. v. Jones, Tex., 327 S.W.2d 417, 421. Without summarizing the mass of testimony and numerous exhibits introduced, it is clear the State met this test as against the point presented.

Other points have been considered and are overruled.

Affirmed.