**ACME LETTER SHOP et al., Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 10808.**

Court of Civil Appeals of Texas.

Austin.

Feb. 1, 1961.

Rehearing Denied Feb. 22, 1961.

J. C. Hinsley, Austin, for appellants.

Will Wilson, Atty. Gen., Leonard Pass-more, Martin DeStefano, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from a permanent injunction granted by the trial court restraining defendants from "demanding, receiving or by the use of any means attempting to collect from any borrower usurious interest on account of any loan."

This suit was brought by the Attorney General of the State of Texas on behalf of the State of Texas under Article 4646b, Vernon's Ann.Tex.Civ.St., commonly known as the "loan shark act," which statute au-thorizes the Attorney General to seek injunctions against those persons who are engaged in the business of habitually loaning money at usurious rates.

Trial was had, beginning January 11, 1960, before a jury in the 53rd District Court of Travis County, Texas, and at the conclusion of the evidence both plaintiff and defendants moved for instructed verdicts. The court thereupon discharged and dismissed the jury and granted the motion of plaintiff in part and refused same in part and also granted the motion of defendants in part and refused same in part, rendering judgment enjoining the defendant Atchielee Norris (Mrs. Grady Norris) from demanding, receiving or by the use of any means attempting to collect from any borrower usurious interest on account of any loan, or from charging any borrower usurious interest, or contracting for any usurious interest, but as to the defendant Grady Norris the judgment of the court was that plaintiff take nothing against the defendant Grady Norris.

The appeal is based on 21 points to the effect that the court erred in overruling special exceptions to the Amended Original Petition as set out in defendants' Second Amended Original Answer, paragraphs Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9; in overruling motion to suppress depositions of the defendants; in overruling motion for instructed verdict; in perpetually enjoining defendant Atchielee Norris from demanding receiving or in attempting to collect usurious interest; in admitting in evidence as to loans occurring six months before the suit was filed; in admitting into evidence the testimony of Ora Davis, Jr. as to calculations of interest rates; in requiring the defendant to testify, over objections, concerning confidential communications between client and attorney; and finally in admitting in evidence certain of plaintiff's exhibits.

The exceptions were directed to the pleadings in failing to show that either the

County or District Attorney joined in the pleadings.

There was no error in overruling such exceptions.

The suit was brought by the Attorney General pursuant to Article 4646b, V.T.C.S.

Smith v. State, Tex., 328 S.W.2d 294; State v. Walker-Texas Investment Co., Tex.Civ.App., 325 S.W.2d 209.

■ The State alleged that Atchielee Norris was engaged in the business of habitually loaning money for the use of which interest in excess of 10% per annum had been charged, and that more than three loans had been made during the six months period next preceding the filing of the suit in connection with which more than 10% interest was charged, and that all loans made since the company's formation contained charges for usurious interest, and that the rate chart in use showed on its face interest charges over 200% per annum and that the requirement of "as many as three loans" is merely a definition of the term "habitually" as used in the Act.

As proof of its allegations the State offered the testimony of Atchielee Norris, who testified that she used a rate chart providing for interest charges, on its face, in excess of 10% per annum. Mrs. Norris testified as to the use of a rate chart in making loans.

That a loan was made to Allen Bowser on October 29, 1958 for $30 and he was charged $11.64 and the loan was paid off and later other loans were made.

That a loan was made to Molly Allen for $20, a charge of $9.16 was made, and that the loan was paid in full; that another loan for $20 was made on October 10, 1958 with the same charges and the note was paid; that in July, 1959, Molly Allen owed a balance of $19.44 and that a new loan for $20 was made and the lender took out of the new loan the unpaid balance of $19.44 and

gave the borrower 56 cents. A loan for $25 was made to A. L. Boyde on January 28, 1959 and was to be paid in one month and a charge of $6.40 was made; that subsequently a loan for $50 was made and the sum of $31.40 was taken out of such $50 and the loan was paid.

Proof was made that the loans to the three specific borrowers were made at usurious interest rates. The defendants did not deny the making of such loans.

The State having made out a prima facie case and the defendants having failed to introduce any evidence rebutting such proof the court was justified in directing a verdict. Lesikar v. Lesikar, Tex.Civ.App., 251 S.W.2d 555.

■ Since this case was withdrawn from the jury it is presumed that the court considered only admissible evidence and that its action in granting the injunction should be sustained.

■ It is not essential that the State's petition be sworn to because there was a full and complete hearing had before the court. Chesterfield Finance Company v. State of Texas, Tex.Civ.App., 331 S.W.2d 368, er. ref.

■ There was no error in permitting expert testimony by the State's witness Davis. The testimony was offered to show exactly what charges were made and that such charges exceeded 10% per annum.

■ We do not believe that coverture is a defense to usurious endeavors. There was no question but that Atchielee Norris and Grady Norris are husband and wife, but this fact does not make her less susceptible to the laws. The statute condemns any person who is engaged in the business of habitually loaning money at usurious interest rates.

In Wilson Finance Company et al. v. State of Texas, Tex.Civ.App., 342 S.W.2d 117, most of the issues in this instant case

were disposed of and we see no occasion to unduly extend this opinion by restating such holdings and authorities.

We believe that the court properly granted the injunction restraining Atchielee Norris, defendant, from demanding, receiving or by the use of any means, attempting to collect usurious interest as, is set out in the statute, in the business of habitually loaning money for the use and detention of which usurious interest had been charged against or contracted to be paid by the borrower.

The judgment of the trial court is affirmed.

Affirmed.