**C. V. "Buster" KERN et al., Appellants,**

v.

**TREELINE GOLF CLUB, INC., et al.,**
**Appellees.**

**No. 152.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 16, 1968.

Rehearing Denied Nov. 6, 1968.

John P. Farra, Clyde W. Woody, Marian S. Rosen, Charles C. Orsburn, Woody & Rosen, Houston, for appellants.

Thos. A. Adams, III, Knight, Prappas, Rowland & Caldwell, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is an appeal from an order granting a temporary injunction which was granted to enjoin execution on certain property owned by Treeline Golf Club, Inc. The petition was filed by appellees, Treeline Golf Club, Inc. and C. Rampy, who was a shareholder of the corporation.

The temporary injunction was granted to enjoin execution under a judgment in a separate divorce action which was brought by Charlotte Stewart Rampy against Lonnie C. LaDon Rampy. Neither C. Rampy nor Treeline Golf Club, Inc., appellees here, were parties to the divorce action. C. Rampy is the father of Lonnie C. LaDon Rampy.

Appellants first contend that the court erred in granting the temporary injunction on appellees' petition which was not properly verified by their affidavit as required by Rule 682, Texas Rules of Civil Procedure. The affidavit was signed by one of the attorneys representing the appellees. The attorney's affidavit stated, "BEFORE ME, the undersigned authority, on this day personally appeared Thos. A. Adams, III, to me well known to be a credible person of lawful age and qualified in all respects to make this affidavit and being first duly sworn, on oath says that he has read the foregoing petition and knows the contents of such petition, and that said petition and every statement and allegation thereof are true and correct."

Appellants filed a Plea in Abatement and in Bar alleging failure of compliance with Rule 682, T.R.C.P., which provides, "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the Judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." Appellants' Plea in Abatement and in Bar stated, "The Plaintiffs have not complied with Rule 682 * * *. The affidavit attached to Plaintiff's Original Petition is neither verified by an applicant nor does it contain a plain and intelligible statement of the grounds for the relief sought." Appellants' Plea in Abatement and in Bar was denied by written order of the trial court.

■ An injunction cannot be granted on a petition verified by defective affidavit when the question of the sufficiency of the affidavit has been raised prior to the introduction of evidence. Hightower v. Price, Tex.Civ.App., 244 S.W. 652, no writ hist.; Wilkinson v. Lyon, Tex.Civ.App., 207 S.W. 638, no writ hist.

■ Though Rule 14, T.R.C.P., provides that an affidavit may be made by an attorney for a party, it is nevertheless necessary for the affidavit to set out the authority by which such affidavit is made. Gex v. Texas Co., Tex.Civ.App., 337 S.W.2d 820, no writ hist.; Cherryhomes v. Carter, 66 Tex. 166, 18 S.W. 443. This rule is applicable to an affiant who is an attorney. Nail v. Compton, 55 S.W.2d 1028 (Tex. Comm.App.). See also Smith v. Crockett Production Credit Ass'n., Tex.Civ.App., 372 S.W.2d 954, no writ hist.; Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311, no writ hist.; Nunneley v. Weiler, Tex. Civ.App., 244 S.W.2d 707, no writ hist.

■ We must hold that the trial court erred in granting a temporary injunction on appellees' petition which was not properly verified. For such reason this cause must be reversed and remanded. This action is taken, however, without prejudice to the refiling of same with a proper and sufficient affidavit. We make no adjudication as to the substantive rights of the parties hereto, nor as to the right, if any, to a temporary injunction under the circumstances here presented.

Having made this determination we do not reach the other points of error urged by appellants.

Reversed and remanded.