**EVANS DIVISION–ROYAL INDUSTRIES,**
**Appellant,**

v.

**Lynn JEFFRIES, Appellee.**

**No. 983.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1974.

Morley H. White, Magids & White, Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Harris County, Houston, for appellant.

Charles J. Michael, Houston, for appellee.

TUNKS, Chief Justice.

In this case the trial court issued a temporary injunction enjoining the sheriff of Harris County from selling property taken by him under writ of execution. On appeal from that order, this Court reversed the trial court's order granting the temporary injunction and held that the writ issued was void because the trial court not only failed to require a bond of the plain-

tiff, but specifically recited in its order that no bond was required. *See* Evans Division–Royal Industries v. Jeffries, 511 S.W.2d 71 (Tex.Civ.App.–Houston [14th Dist.] 1974).

On application for a writ of error, the Supreme Court, without hearing argument, granted the writ, and reversed and remanded the case to this Court with instructions to direct the trial court to correct its error in not requiring a bond and then to proceed to hear the appeal as if such error

had not occurred. Jeffries v. Evans Division–Royal Industries, 510 S.W.2d 579.

Pursuant to those instructions, this Court did direct the trial court to fix a bond and directed that the clerk of the trial court certify to this Court a copy of the order by which the bond was so fixed.

The clerk of the trial court has now furnished this Court with a copy of the order rendered by the trial court in the following language:

NO. 967,293

IN THE DISTRICT COURT
189TH JUDICIAL DISTRICT COURT, HARRIS COUNTY, TEXAS

LYNN JEFFRIES

VS.

EVANS DIVISION–ROYAL INDUSTRIES, ET AL

ORDER

BE IT REMEMBERED, that on the 1st day of July, 1974 this Court had a hearing for the purpose of setting bond in the above captioned matter and in said hearing ordered, Plaintiff, Lynn Jeffries, to file an Injunction Bond in the amount of $2,500.00 on or before July 15, 1974. Plaintiff, Lynn Jeffries, has not made said bond nor had said bond filed with the Court.

It is therefore, ORDERED, ADJUDGED and DECREED that the Temporary Injunction heretofore granted in this cause is dissolved.

Signed November 7, 1974

_____/s/___Jack Smith_____
Jack Smith, Judge Presiding

———————

That order was approved by the attorneys for all parties.

There exists some question as to whether the trial court had jurisdiction, while the appeal from the temporary injunction was pending in this Court, to render an order dissolving the temporary injunction. *See* City of Houston v. Wynne, 279 S.W. 916 (Tex.Civ.App.–Galveston 1925), writ ref'd per curiam, Wynne v. City of Houston, 115 Tex. 255, 281 S.W. 544 (1926). However, we have, on order of the Supreme Court,

directed the trial court to correct its error in not requiring a bond. We are of the opinion that such direction carries with it by implication the power of the trial court to compel the filing of such a bond as a condition to having the injunction in force. To hold otherwise would leave the defendant without a remedy to avoid the restriction of an injunctive order without a bond. The Supreme Court has held that we may not adjudge the writ void because of the absence of a bond. If the trial court may not dissolve his injunction because of the

refusal of the plaintiff to post a bond, then the injunctive order, without a bond, will remain in effect. We, therefore, hold that the above quoted order of the trial court effectively dissolved the temporary injunction. The appeal from the dissolved order is moot and is dismissed.

Appeal dismissed.