G. William **THARP**, Appellant,

v.

J. Frank **LAMMONS** et al., Appellees.

No. 18527.

Court of Civil Appeals of Texas,
Dallas.

Feb. 13, 1975.

Tom Thomas, Dallas, for appellant.

Robert J. Matlock, Richard Johnson, Bruner, Dorman & Johnson, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

By authority of Vernon's Tex.Rev.Civ. Stat.Ann. art. 2250 (Vernon 1971), G. William Tharp appeals from an order of the district court overruling his motion to vacate an order appointing a receiver of the assets belonging to a partnership of J. Frank Lammons and G. William Tharp under the name of Golden Shield Armourers.

The action was originally instituted by appellee Lammons on September 13, 1974, in which he sought an accounting of the partnership assets, a writ of sequestration and judgment for an unspecified amount of money. On September 27, 1974, Judge Dee Brown Walker, sitting for the 160th Judicial District Court, entered an order appointing Bobby J. Westbrook as receiver to take charge of the partnership assets. No bond was filed by appellee payable to appellant in an amount fixed by the court as required by Texas Rules of Civil Procedure, rule 695a. On October 4, 1974, appellant filed motions to dismiss for lack of jurisdiction [1] and to vacate the receivership. These motions were overruled on October 15, 1974, and appellant perfected his appeal to this court on October 25, 1974.

Thereafter, on November 1, 1974, appellant filed a second motion to vacate the receivership and presented the same to the Honorable Leonard Hoffman, Judge of the 160th District Court. In this motion appellant contended that the order appointing the receiver was void because of its violation of Rule 695a. On November 6, 1974, appellee filed with the trial court a motion to set an appropriate amount for a bond. The trial court, on November 8, 1974, heard both motions and entered its order vacating the receivership, overruling appellee's motion for bond and directing that a supplemental transcript be certified and transmitted to this court.

This record reveals, without dispute, that the trial court has effectively terminated

1. Appellant alleged that appellee's petition for receivership did not specify the value of the property involved and, therefore, jurisdiction was not conferred upon the district court.

the only question presented to us on this appeal. Having dismissed the receivership, the question concerning the motion to dissolve the receivership has become moot. Being moot, the appeal must be dismissed. Evans Divison-Royal Industries v. Jeffries, 516 S.W.2d 214 (Tex.Civ.App.-Houston [14th Dist.] 1974, no writ). In view of this dismissal, we do not reach the question concerning jurisdiction of the trial court, which is before us on this interlocutory appeal only insofar as the trial court's jurisdiction is material to the propriety of the receivership.

Appeal dismissed.