Joe WILLIAMS, Appellant,

v.

CITY OF TOM BEAN, Appellee.

No. 05-84-00866-CV.

Court of Appeals of Texas,
at Dallas.

Jan. 16, 1985.
Supplemental Opinion Feb. 7, 1985.
On Motion for Rehearing
March 13, 1985.

Bill W. Miller, Sherman, for appellant.

Roger D. Sanders, Sherman, for appellee.

Before AKIN, WHITHAM and DEVA-NY, JJ.

WHITHAM, Justice.

Appellant, Joe Williams, appeals a temporary injunction requiring compliance with an ordinance of appellee, City of Tom Bean. We agree with Williams' contention that the trial court erred in not requiring bond for security in its order granting the temporary injunction. Accordingly, we instruct the trial court to correct such error and we proceed to consider this appeal as if such error had not occurred. *Jeffries v. Evans Division Royal Industries*, 510 S.W.2d 579 (Tex.1974). Consequently, we address Williams' remaining point of error and conclude that the trial court did not err in granting a temporary injunction even though the petition for injunction was not verified. Depending upon further record certified to us by the clerk of the trial court in accordance with our instructions, we will either affirm or reverse the trial court's judgment granting temporary injunction or dismiss this appeal as moot.

TEX.R.CIV.P. 684 provides that "[i]n the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant." The order granting temporary injunction provides that the city "is not required to file a bond in this matter." The use of the word "any" in the first sentence of rule 684 would appear to make it mandatory for all persons and entities to make bond before securing a temporary restraining order or a temporary injunction absent a statute, rule, charter provision or ordinance exempting the person or entity. *Cone v. City of Lubbock*, 431 S.W.2d 639, 646 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.). At oral argument, the city conceded that it was not a home rule city. Rather, the trial court found that the city was "an incorporated general law city." We hold, therefore, that the use of the word "any" in the first sentence of rule 684 makes it mandatory for the city to make bond before securing a temporary injunction absent a statutory or rule provision exempting the city. Thus, we must decide whether the city is exempt.

To establish an exemption, the city relies upon the following cases, statutes and rule of civil procedure: *Corpus Christi Gas Co. v. City of Corpus Christi*, 46 F.2d 962 (5th Cir.1931), *cert. denied*, 284 U.S. 636, 52 S.Ct. 19, 76 L.Ed. 541; *Cone v. City of Lubbock*, 431 S.W.2d 639 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.); *West v. Ellis County*, 241 S.W.2d 344 (Tex.Civ. App.—Waco 1951, no writ); *Smith v. City of Dallas*, 36 S.W.2d 547 (Tex.Civ.App.—Texarkana 1931, writ dism'd); *Athens Telephone Co. v. City of Athens*, 163 S.W. 371 (Tex.Civ.App.—Dallas 1914, writ ref'd); TEX.REV.CIV.STAT.ANN. arts. 279a (Vernon 1963), 1174 (Vernon 1963), and 2072 (Vernon 1964); TEX.R.CIV.P. 684. With the exception of *Athens Telephone Co.* and *West*, the cases cited involve home rule cities with city charter provisions providing the exemption. Consequently, we conclude that cases involving home rule cities are not controlling in the present case. *West* decided that article 279a exempted counties from giving temporary injunction bond be-

cause the statute exempted counties from giving bonds in securing any extraordinary writs. 241 S.W.2d at 346. Article 279a does not refer to cities. Accordingly, we conclude that *West* is not controlling in the present case. *Athens Telephone Co.* involved a city incorporated under the general laws. Tex.Rev.Civ.Stat. art. 768 *repealed by* Act of 1926, ch. 16, 30, Tex.Gen. Laws, Local & Spec. 23, provided that "[i]t shall not be necessary in any action, suit or proceeding in which the city, accepting the provisions of this title, shall be a party, for any bond, undertaking or security to be executed in behalf of the city." Based on that statute, *Athens Telephone Co.* held that the city was exempt from giving a temporary injunction bond. Article 768, however, was replaced by present TEX. REV.CIV.STAT.ANN. art. 2072. As pointed out in *Cone:*

> Art. 2072, Revised Statutes, 1925, superseded Art. 768 and provides only that "security for *costs* shall not be required of the State or any incorporated city or town in any action, suit or proceeding, * * *" leaving out the exemption from bond in injunctions.

431 S.W.2d at 645 (emphasis in original). We conclude that *Cone* properly recognized the distinction between an exemption from giving security for costs and an exemption from giving security to the adverse party before issuance of a temporary injunction. Therefore, inasmuch as the statutory basis for the exemption found for a city incorporated under the general laws no longer exists, we conclude that *Athens Telephone Co.* is not controlling in the present case. Thus, we conclude that none of the cases relied on by the city exempt the city from giving bond for security before issuance of the temporary injunction.

We turn then to consider the statutory and rule provisions relied upon to exempt the city. The city points to rule 684 and to TEX.REV.CIV.STAT.ANN. arts. 279a, 1174, and 2072 as containing the required exemption. As to rule 684, we find no exemption for the city in our reading of the rule. Moreover, *Cone* found no exemption for a city in the statute which was the source of rule 684. Tex.Rev.Civ.Stat.Ann. art. 4649 *repealed by* Act of 1939, ch. 25, 1 Tex.Gen.Laws Local & Spec. 201, was the source of rule 684. In *Cone* it was held that article 4649 afforded no exemption for a city:

> Under title 76 Injunctions, V.T.C.S., Art. 4649 provides, inter alia, " * * * before the issuance of the writ of injunction, the complainant shall execute and file with the clerk a bond to the adverse party * * conditioned * * * that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part." No exemption is provided for a city in Art. 4649.

431 S.W.2d at 645.

Likewise, as shown in the above quotation, *Cone* held that article 2072 provided no exemption for a city. Consequently, we conclude that neither rule 684 nor article 2072 afford exemption to the city. As to article 1174, that statute pertains to home rule cities and provides that "[a]ll cities may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond." Since article 1174 is applicable only to home rule cities, we conclude that article 1174 is not controlling in the present case. Accordingly, we conclude that article 1174 affords no exemption to the city in the present case. Moreover, since article 279a does not refer to cities, we conclude that article 279a affords no exemption to the city in the present case.

■ It follows, and we so hold, that rule 684 and articles 279a, 1174, and 2072 do not provide exemption from that bond to the adverse party required by rule 684:

> [C]onditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part.

We conclude, therefore, that the city has failed to identify any statutory or rule pro-

vision exempting the city from the temporary injunction bond required by rule 684. It follows, therefore, that the city was required to execute and file the temporary injunction bond provided for in rule 684. Consequently, the trial court erred in concluding that the city "is not required to file a bond in this matter" and in failing to require that the city file the temporary injunction bond provided for in rule 684. We express no opinion on the question whether a home rule city created pursuant to TEX.CONST. art. 11, § 5 may by city charter provision or ordinance exempt itself from the bond required by rule 684. That question is not before us in the present case. *See Cone,* 431 S.W.2d at 646–48.

 When the trial court errs in failing to require an injunction bond, we must direct the trial court to correct such error and then proceed to consider the appeal as if such error had not occurred. *Jeffries,* 510 S.W.2d at 579. We recognize that *Jeffries* can be read to require that we abate this appeal and withhold disposition of Williams' remaining point of error until the amount of an injunction bond has been fixed by the trial court and the bond filed by the applicant. We do not read *Jeffries,* however, to prohibit disposition of the entire appeal if convenient to do so. The briefs in the present case are open and before us. We conclude that it would be convenient for us to dispose of Williams' remaining contention at this time. Therefore, we reach Williams' remaining point of error contending that the trial court erred in not requiring a verified petition after Williams made known to the court that the city's petition was not verified.

 TEX.R.CIV.P. 682 provides that "[n]o writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." The city's petition was not verified by affidavit. Williams did not challenge the sufficiency of the petition by special exception or other pleading which could be treated as raising the issue of lack of verification. *See, Kern v. Treeline Golf Club, Inc.,* 433 S.W.2d 215, 216 (Tex.Civ.App.— Houston [14th Dist.] 1968, no writ). Instead, Williams called the trial court's attention to the missing verification by an oral objection made during the course of a witness' testimony at the hearing on temporary injunction. The trial court overruled Williams' objection. In the present case, however, hearing was had on the petition for injunction after notice. When hearing is had after notice, defective verification does not preclude granting the writ. *Chesterfield Finance Co. v. State,* 331 S.W.2d 368, 369 (Tex.Civ.App.—Waco 1959, writ ref'd). It is not essential that the petition be sworn to because there was a full and complete hearing had before the court. *Acme Letter Shop v. State,* 342 S.W.2d 770, 772 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.). It follows, and we so hold, that the trial court did not err in granting a temporary injunction even though the petition for injunction was not verified.

We direct the trial court to fix the amount of security to be given by the city as required by rule 684 within ten days from the date of this opinion. We direct the city to file the bond with the clerk of the trial court within fifteen days from the date of this opinion. We direct the clerk of the trial court to certify to this court a copy of the order fixing the amount of such injunction bond and to certify to this court a copy of the bond filed by the city. We direct that both the certified copies of the order and the bond be filed with the clerk of this court by the clerk of the trial court within twenty days from the date of this opinion. If certified copy of the order fixing the amount of the injunction bond and certified copy of the bond filed by the city are timely filed in this court, the trial court's judgment granting a temporary injunction will be affirmed and all costs in the trial court and in this court taxed against Williams. If certified copy of the order fixing the amount of the injunction bond and certified copy of the bond filed by the city are not timely filed in this court,

the trial court's judgment granting a temporary injunction will be reversed, the temporary injunction vacated and all costs in the trial court and in this court taxed against the city. In the event the city fails to file the bond with the clerk of the trial court within fifteen days from the date of this opinion, the trial court is instructed to immediately dissolve the temporary injunction heretofore granted upon notice of such failure from Williams. The trial court has to dissolve the temporary injunction for failure to file the bond in the present case in light of the Supreme Court's holding in *Jeffries*. *See Evans Division—Royal Industries v. Jeffries*, 516 S.W.2d 214, 215–16 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). We direct the clerk of the trial court to certify to this court a copy of the order dissolving the temporary injunction be filed with the clerk of this court by the clerk of the trial court within twenty days from the date of this opinion. In the event the trial court dissolves the temporary injunction, this appeal will be dismissed as moot. 516 S.W.2d at 216.

### SUPPLEMENTAL OPINION

No certified copy of the trial court's order fixing the amount of the injunction bond and no certified copy of any injunction bond filed by the city were timely filed in this court. Consequently, the trial court's judgment granting a temporary injunction is REVERSED and the temporary injunction VACATED. All costs in the trial court and in this court are taxed against the city.

### ON MOTION FOR REHEARING

■ Williams failed to file a motion for rehearing. The city filed a motion for rehearing with attachments, including the affidavit of the district clerk of Grayson County. The city's motion does not assert error in our original opinion. Instead, the city relies on the attachments to its motion to establish that a trial court's certified copy of the order fixing the amount of the injunction bond and a certified copy of the injunction bond filed by the city were properly and timely mailed to this court by the district clerk. Although a properly prepared and tendered supplemental transcript containing copies of the trial court's order and the injunction bond would be the better practice, we treat the district clerk's affidavit sponsoring copies of the trial court's order and injunction bond and the district clerk's certificates appearing on those copies as sufficient for our purposes. Thus, we treat the trial court's certified copy of order fixing the amount of the injunction bond and the certified copy of the injunction bond as timely filed in this court and now before us pursuant to our opinion of January 16, 1985. Accordingly, we grant the city's motion for rehearing. Consequently, our judgment of February 7, 1985, reversing the trial court's judgment and vacating the temporary injunction is set aside and the trial court's judgment granting a temporary injunction is affirmed. All costs in the trial court and in this court are taxed against Williams.