**AFFIRM; and Opinion Filed May 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00061-CV

**SAMUEL T. RUSSELL, Appellant**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-05733**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Samuel T. Russell appeals the trial court's judgment granting the City of Dallas (the City) injunctive relief requiring the demolition of a structure on Russell's property and ordering that Russell take nothing on his claims against the City. In two issues, Russell contends the trial court erred by issuing permanent injunctive relief without first requiring the City to verify compliance with the terms of a temporary injunction and by finding against Russell on his taking claim against the City. We affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well-settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

## Background[1]

In February 2010, Russell purchased real property located at 3820 Atlanta Street in Dallas, Texas (the property). At the time Russell acquired title to the property, the City was seeking authorization from the Dallas Municipal Court to demolish a structure on the property because it was an urban nuisance.[2] On November 10, 2010, the municipal court authorized the demolition of the structure.

On May 9, 2011, Russell filed this lawsuit against the City. He asserted the structure had not been demolished and that, since acquiring the property, he had made numerous improvements to the structure. Some of these improvements had been made after the City's last inspection of the property in August 2010 and some had been made after the municipal court authorized the demolition of the structure. Russell alleged he contacted the City in March 2011 "about a city permit to get his water service inspected for the purpose of turning it on." A representative of the City's code compliance department told Russell that the property had been "red flagged," meaning no permits could be issued for the property. Russell was referred to another employee of the City who told him that "nothing could be done to remove the red flag."

Russell sought a declaratory judgment that the structure on the property was not an urban nuisance. Russell also asserted a "taking" claim pursuant to section 17(a) of the Texas

---

[1] Because we do not have a reporter's record in our record on appeal, the facts set out in this opinion are from the parties' pleadings.

[2] The Dallas City Code defines an "urban nuisance" as:

   a premises or structure that:
   (A)  is dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare;
   (B)  regardless of it structural condition, is unoccupied by its owners, lessees, or other invitees and is unsecured from unauthorized entry to the extent that it could be entered or used by vagrants or other uninvited persons as a place of harborage or could be entered or used by children; or
   (C)  boarded up, fenced, or otherwise secured in any manner if:
        (i)  the structure constitutes a danger to the public even though secured from entry; or
        (ii)  the means used to secure the structure are inadequate to prevent unauthorized entry or use of the structure in the manner described by Paragraph (B) of this subsection.

Dallas, Tex., Code § 27-3(34).

Constitution, the Fifth Amendment of the United States Constitution, and 42 U.S.C. section 1983. Russell specifically alleged that:

> [b]y refusing to provide a process for Mr. Russell to remove the red flag from his property so that he may apply for permits that would allow him to enjoy the full range of property rights normally associated with a property such as the property subject to this litigation and by not providing him just compensation for this failure to consider or failing consider [sic] for a public purpose, the City has violated both Section 17 of the Texas Constitution and the 5th Amendment of the United States Constitution.

The City answered and filed a verified counterclaim seeking injunctive relief requiring Russell to demolish the structure or, alternatively, requiring Russell to remedy or repair the substandard conditions on the property. The City also sought civil penalties pursuant to chapter 54 of the local government code for each violation of the Dallas City Code.

On February 27, 2012, the trial court signed an agreed temporary injunction requiring Russell to take certain actions on the property on or before March 1, 2012, April 1, 2012, and May 1, 2012. Russell was also required to make the property available for inspection on March 16, 2012, April 2, 2012, and May 2, 2012 unless otherwise agreed in writing by Russell and the City.

The case was tried to the court on October 8, 2012. On October 9, 2012, the trial court signed a judgment ordering that Russell take nothing on his claims against the City and granting the City's request for a permanent injunction requiring Russell to demolish the structure on the property or, if Russell failed to do so, authorizing the City to demolish the structure and place a lien on the property for costs relating to the demolition and disposal of related debris. In its judgment, the trial court made findings regarding violations of City ordinances that existed, or had existed, on the property; the purposes of the applicable ordinances; and the risk of harm from the violations of the ordinances. The trial court specifically found the property "is dilapidated,

substandard, unfit for human habitation and a hazard to the public health, safety, and welfare, and constitutes an urban nuisance."

Russell filed a motion for new trial on grounds the "evidence presented at trial by the City of Dallas was insufficient to establish that the structure in question was an urban nuisance and the appropriate remedy was demolition of the structure," and his taking claim should be reconsidered in light of the fact the City sold the property to a relative of Russell, from whom Russell acquired the property, and then claimed the structure on the property was an urban nuisance that was required to be demolished. The motion for new trial was overruled by operation of law. Russell did not request that the trial court make findings of fact and conclusions of law. Russell filed a notice of appeal from the trial court's judgment, but did not comply with the requirements for an appeal based on a partial record. *See* TEX. R. APP. P. 34.6(c)(1).

**Adequacy of Record**

Russell, as the party complaining on appeal about the trial court's judgment, has the burden of presenting a sufficient record to show error requiring reversal. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). There is not a reporter's record of the bench trial in the appellate record.[3] Because we have neither the reporter's record of the bench trial nor findings of fact and conclusions of law from the trial court, we must presume the evidence supports the trial court's judgment. *In re Guardianship of Winn*, 372 S.W.3d 291, 298 (Tex.

---

[3] The court reporter has represented to this Court that no record was made of the bench trial. *See In re. T.K.M.*, No. 12-11-00254-CV, 2012 WL 3793259, at *3 (Tex. App.—Tyler Aug. 30, 2012, no pet.) (mem. op.) (appellate court can take judicial notice of its own records including notice from court reporter that there was no record to be transcribed). The appellate record does not reflect that Russell requested the bench trial be recorded. Further, even if the court reporter was required to report the proceeding without Russell's request, *see* TEX. R. APP. P. 13.1(a), Russell was required to object to preserve the failure to record for appellate review. *See Burnett v. Jackson*, No. 05-10-01534-CV, 2012 WL 1358498, at *1 (Tex. App.—Dallas Apr. 17, 2012, pet. denied) (mem. op.); *Benjamin v. Benjamin*, No. 01-10-01003-CV, 2013 WL 4507848, at *2 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op. on reh'g). The appellate record does not contain such an objection. *See* TEX. R. APP. P. 33.1(a); *Nabelek v. Dist. Attorney of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (failing to object to reporter's failure to record waives issues for review that rely on evidence found in reporter's record).

–4–

App.—Dallas 2012, no pet.); *Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). Further, under the presumption of regularity of judgments, we also presume the recitations in the trial court's judgment are correct absent any evidence to the contrary. *In re Guardianship of Winn*, 372 S.W.3d at 298; *In re Estate of Jones*, No. 05–10–00566–CV, 2011 WL 797378, at *1 (Tex. App.—Dallas Mar. 8, 2011, no pet.) (mem. op.) (upholding presumption of regularity of judgments as to temporary injunction recitation). "[W]hen a record is incomplete (and the rules on partial records do not apply—which they do not), we must presume that the missing portion of the record supports the factual determinations made by the fact-finder." *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.) (quoting *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.)).

### Defective Pleadings

In his first issue, Russell asserts the trial court erred by granting the City's request for permanent injunctive relief without first requiring the City to verify by affidavit that the parties had complied with the terms of the temporary injunction. The City's counterclaim requesting temporary and permanent injunctive relief was verified. Russell, however, contends the City was required to file a new verification prior to the trial of its request for permanent injunctive relief.

Rule of civil procedure 682 provides that "[n]o writ of injunction shall be granted unless the applicant therefore shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." TEX. R. CIV. P. 682. However, the verification requirement of rule 682 can be waived. *Salas v. Chris Christensen Sys., Inc.*, No. 10-11-00107-CV, 2011 WL 4089999, at *5 (Tex. App.—Waco Sept. 14, 2011, no pet.) (mem. op.).

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a). Here, Russell did not file a written objection or special exception to the City's failure to file an amended verification to support its request for permanent injunctive relief. *See Williams v. City of Tom Bean*, 688 S.W.2d 618, 621 (Tex. App.—Dallas 1985, no writ); *Meyer v. Billings*, 481 S.W.2d 958, 959 (Tex. Civ. App.—Austin 1972, no writ); *see also* TEX. R. CIV. P. 90 (defect of either substance or form in pleading is waived in non-jury case if not brought to attention of trial court before judgment is signed); *Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 233 (Tex. App.—San Antonio 2001, pet. denied) (failure to include verification is defect in form). Further, because we do not have a reporter's record from the trial, we cannot determine whether Russell objected that the City's verification was insufficient before the trial court heard evidence pertaining to the City's request for injunctive relief. *See Williams*, 688 S.W.2d at 621 (when hearing on request for injunction is held after notice, "defective verification does not preclude granting the writ"); *Crystal Media, Inc. v. HCI Acquisition Corp.*, 773 S.W.2d 732, 734 (Tex. App.—San Antonio 1989, no writ) (insufficiency of verification to support request for injunctive relief waived if not objected to prior to introduction of evidence). We conclude Russell failed to preserve for appellate review his complaint that the City's verification was defective. We resolve Russell's first issue against him.

### Taking Claim

In his second issue, Russell asserts the trial court erred by not finding that the City took his property without awarding him compensation for the taking in violation of the United States and Texas Constitutions. Russell specifically argues the trial court should have considered his taking claim in light of whether (1) the property was in need of substantial reconstruction when it

was sold by the City; (2) the City disclosed to the purchaser that substantial reconstruction was needed; (3) the price paid reflected the need for substantial reconstruction; (4) the City allowed him to allocate labor and money to improvement of the property knowing that it would take much more reconstruction to satisfy the City; and (5) the combination of the sale and urban nuisance proceedings constituted a taking of his property without compensation.

The taking claim in Russell's petition was based solely on the City's failure to provide a procedure by which he could have the "red flag" removed from the property. Russell's complaint on appeal is based on unpleaded allegations and, without a reporter's record or findings of fact and conclusions of law, we cannot determine if the issue was tried by consent. *See Bailey-Mason v. Mason*, 334 S.W.3d 39, 44 (Tex. App.—Dallas 2008, pet. denied) ("To determine whether an issue was tried by consent, the reviewing court must examine the record, not for evidence of the issue, but rather for evidence of *trial* of the issue."). Further, without a reporter's record, we cannot determine whether any evidence was admitted at the bench trial pertaining to the new allegations. "Issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record." *Palla*, 424 S.W.3d at 727; *see also Huston v. United Parcel Serv., Inc.*, No. 01-12-00387-CV, 2014 WL 1691046, at *4 (Tex. App.—Houston [1st Dist.] Apr. 29, 2014, no pet. h.) ("The appellant's failure to obtain a reporter's record containing a challenged ruling makes it impossible for the appellate court to determine that the trial court abused its discretion in making the ruling."). We conclude Russell has failed to present a sufficient record to show reversible error by the trial court. *See Christiansen*, 782 S.W.2d at 843 ("When an appellant has neither complied with [appellate rules of procedure relating to partial records] nor filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case."). We resolve Russell's second issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

130061F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL T. RUSSELL, Appellant

No. 05-13-00061-CV    V.

CITY OF DALLAS, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. 11-05733.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the City of Dallas recover its costs of this appeal from appellant Samuel T. Russell.

Judgment entered this 16th day of May, 2014.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE