THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

September 20, 1977

Tne Honorable Paul R. Roberts, Jr.
Comal County Attorney
Room 206, Courthouse
New Braunfels, Texas   78130

Opinion No. H-1057

Re:  Whether the Com-
missioners Court may
require subdividers to
comply with county sub-
division specifications
under Article 6626a,
V.T.C.S.

Dear Mr. Roberts:

You ask:

> Does Article 6626a, V.T.C.S., allow Comal
> County to use injunctive powers to force
> developers (who disclose that private roads
> on their property are not County maintained)
> to comply with Comal County road standards,
> even if said developers do not file plats.

We addressed a similar question in Attorney General Opinion
H-904 (1976) which discussed powers of commissioners courts in
counties with a population not less than 190,000.  V.T.C.S. art.
2372k, § 1(a).  We concluded that the commissioners court "may
require any land owner subdividing for the purposes set out . . .
to comply with regulations promulgated . . . under article
2372k."  Attorney General Opinion H-904 (1976) at 4.  Furthermore,
we have said that the authority of the commissioners court to
make and enforce such regulations

> is not dependent upon whether or not the
> subdivider has submitted a plat for the
> commissioners court's approval nor upon
> the subdivider's representations as to the
> public or nonpublic nature of the roads
> within the subdivision.

Id. at 4-5.  In our opinion, the same conclusions are appli-
cable to a construction of article 6626a.

Article 6626a, section 1, applies to all counties having a population of less than 190,000; however, the provisions of the statute and the reasons for its enactment parallel that of article 2372k.  Section 1 provides that

> every owner of any tract of land situated without the corporate limits of any city in the State of Texas, who may hereafter divide the same in two (2) or more parts for the purpose of laying out any subdivision of any such tract of land, or an addition without the corporate limits of any town or city, or for laying out suburban lots or building lots, <u>and for the purpose of laying out streets, alleys, or parks, or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made therof.</u> . . .

(Emphasis added).  See V.T.C.S. art. 2372k, § 1(a).  Section 2 of article 6626a provides that the plat shall be filed and recorded in the county clerk's office; however, approval of the commissioners court is required before the county clerk may file such plats.  Attorney General Opinion WW-1438 (1962) at 3.  The provisions of section 3 authorize the commissioners court to adopt subdivision requirements and specifications for rights of way, streets, drainage, and the posting of bond. Compare V.T.C.S. art. 6226a, § 3 (a)-(g) with V.T.C.S. art. 2372k, §§ 1 (b), 2.  Finally, section 4 provides that the commissioners courts of such counties have the authority to refuse to approve and authorize any map or plat of any such subdivision unless the requirements set forth in the Act are met.  This provision parallels section 3 of article 2372k. Although the provisions of article 6626a and article 2372k apply to counties in different population brackets, both statutes authorize the commissioners courts to require subdividers to comply with substantive subdivision specifications.

Article 2372k was passed by the Texas Legislature, Acts 1951, 52nd Leg., ch. 151, at 256, after the Dallas Court of Civil Appeals held that plat approval requirements under article 6626 did not give the commissioners court power to impose substantive requirements -- plats had to be approved if lots were sufficiently described to enable the taxing authority to carry the property on its tax rolls.  Commissioners' Court v. Frank Jester Development Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App. -- Dallas 1947, writ ref'd n.r.e.).  See Pohl, Establishing and Altering the Character of Texas Subdivisions,

27 Baylor L. Rev. 639, 640• (1975). Although the enactment of article 2372k provided substantive regulations for counties with a population of at least 190,000, other counties were still under the restrictive interpretation of article 6626; therefore, the 55th Legislature passed article 6626a to provide substantive supervision through the commissioners courts of such counties. Acts 1957, 55th Leg., ch. 289, at 1302. (Amended, Acts 1961, 57th Leg., ch. 449, at 1022).

The emergency clause of the bill enacting article 6626a in 1955 provides:

> Sec. 7. The fact that there are no adequate laws giving supervision to sub-divisions without the corporate limits of a city creates an emergency. . . .

Id. at 1303. We do not believe a subdivider can avoid this article's application by refusing to file plats or by repre-senting that the roads are nonpublic. Since "[s]tatutes con-taining grants of power are to be construed so as to include the authority to do all things necessary to accomplish the object of the grant," Terrell v. Sparks, 135 S.W. 519, 521 (Tex. 1911), we are of the opinion that a court would probably rule that it is appropriate for the Commissioners Court of Comal County to seek injunctive relief as a means for enforcing article 6226a. See West v. Ellis County, 241 S.W.2d 344 (Tex. Civ. App. -- Waco 1951, no writ) (county entitled to injunctive relief for the purpose of keeping easements for road purposes unobstructed); Attorney General Opinions H-904 (1976) and V-1480 (1952) (commissioners courts in counties of 190,000 or more have authority to bring injunctive relief to enforce the pro-visions of article 2372k).

You have also asked whether article 6626a "is unconstitu-tionally vague, in that the term 'subdivision' is not clearly defined." We note that every statute carries a strong presump-tion of constitutionality, and all reasonable doubts are to be resolved in favor of its validity. Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968). Webster's Third New International Dictionary 2274 (1967) classifies "subdivision" as a noun and defines it as the "[a]ct or process of subdividing" or a "tract of land surveyed and divided into lots. . . . " Black's Law Dictionary 1593 (4th ed. 1951) defines subdivision as a "[d]ivi-sion into smaller parts of the same thing or subject-matter." We believe that the word "subdivision" as used in article 6626a is at least consistent with these definitions and, when viewed in its statutory context, is even more specific than the dic-tionary definitions. It is our opinion that article 6626a is

not unconstitutionally vague in its usage of the word "sub-division."

Your remaining question is whether

> [a]rticle 6626a requires the State to prove
> intent of a developer to create a "sub-
> division" before they can use injunctive
> powers to require compliance with road
> standards.

Generally, a suit for an injunction is a proceeding in equity designed to protect, from irreparable injury, property or rights which a court of equity will recognize by either command-ing acts to be done or by prohibiting their commission. The statute does not address the question of proof of intent to create a subdivision. The Rules of Civil Procedure regarding injunctions are silent as to intent and merely state that the applicant "shall present his petition to the judge . . . con-taining a plain and intelligible statement" of the grounds for relief. Tex. R. Civ. P. 682. The judge must then proceed to "hear and determine such motion . . . as the ends of justice require." Tex. R. Civ. P. 680. It is our opinion, therefore, that it would probably not be held necessary that the county prove a developer's intent to create a subdivision; rather, the county must make a showing that the provisions of article 6626a have been or will be violated and that irreparable harm will result unless relief is granted.

## S U M M A R Y

> The Commissioners Court of Comal County
> may seek injunctive relief in order to
> enforce the provisions of article 6626a.
> The County's authority to enforce the
> statute depends neither on the developer's
> filing a plat for the commissioners court's
> approval nor on disclosure that the roads
> are not maintained by the county. Article
> 6626a is not unconstitutionally vague in
> its usage of the term subdivision. The
> statute does not require that the county
> prove the developer's intent to create
> a subdivision before seeking injunctive
> relief to require compliance with road
> standards.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst