**Herbert J. MEYER, Appellant,**

v.

**Betty Jo Meyer BILLINGS, Appellee.**

**No. 11875.**

Court of Civil Appeals of Texas, Austin.

June 14, 1972.

Herbert J. Meyer, pro se.

Harold L. Coit, Austin, for appellee.

PER CURIAM.

The district court enjoined Herbert J. Meyer, appellant, from calling, visiting, or otherwise communicating with appellee pending final disposition of appellee's suit to annul her marriage, which she alleged she would not have entered into but for duress practiced by the bridegroom in concert with appellant, who is appellee's father.

Meyer has appealed and brings five points of error. We will overrule all points of error and affirm the judgment of the district court.

Appellant and appellee's mother were divorced under judgment entered May 5, 1967, which ordered appellant to contribute $100 per month to support of appellee, a daughter of that marriage, then about 15 years of age. Custody of appellee was placed by the court in appellee's mother. The divorce judgment did not provide a time for terminating support payments.

Appellee attained age eighteen in June of 1970, and appellant ceased making support payments. Appellee's mother on September 3, 1970, filed a motion to revise judgment in the divorce case and petitioned for support payments of $200 per month. In her motion, petitioner alleged that the daughter is a child requiring custodial care as contemplated under Article 4639a, Vernon's Ann.Civ.Sts. The record shows that appellee is mentally handicapped and attends public schools as a special education pupil.

Before appellant had been served with notice of the pending motion but after he had learned of the motion, appellant picked up his daughter at school in Austin and took her to Oklahoma on September 14, 1970, where she was married next day to Eddie Billings. The record shows that Billings is about 34 years old and a gradu-

ate of a school for mentally retarded boys. Billings has learned to drive an automobile and has a job.

While Meyer was away on a trip to Mexico, appellee left Billings and returned to her mother in Austin. The suit for annulment was filed March 30, 1971. Thereafter Meyer filed a petition in intervention, which appellee opposed and petitioned the court to enjoin Meyer from seeking ". . . through argument and personality domination . . . to induce her to return to Eddie Billings."

The district court issued a restraining order against Meyer, and hearing on temporary injunction was held May 5, 1971. Final judgment granting a temporary injunction was entered June 18, 1971.

In ordering the restraint of Meyer continued, the trial judge stated:

"Because I have just heard here the most incredible testimony that I have ever heard in all my lifetime, because I have been incensed by the conduct of the so-called restrained party here in the courtroom, his attitude with reference to the very grave and tragic problem this family confronts, and the restrained party has indicated that he has no responsibility nor humanity about him, and I don't want this little child exposed to him in any possible manner; and for that reason, the restraining order is continued in effect."

■ Appellant Meyer's complaint under point one that the verification by affidavit of appellee's petition for injunction is defective has been fully waived. Meyer did not except at a time when the omission of the clause "and such allegations are true and correct" could be supplied by amendment, and did not complain prior to rendition of judgment. McKee v. City of Mount Pleasant, 328 S.W.2d 224 (Tex. Civ.App. Texarkana 1959, no writ). Meyer twice agreed to continuation of the restraining order. The judgment was granted after full hearing in which Meyer participated without objecting to the state of the affidavit, and the final decree will not be affected by the defect in the verification. Wilson Finance Company v. State, 342 S.W.2d 117 (Tex.Civ.App. Austin 1960, writ ref. n. r. e., motion dismissed 348 S. W.2d 639).

■ We have examined with care the transcript of the testimony and the entire record in this case. Meyer's complaints under the last four points of error are without merit. The record demonstrates that the trial court properly granted injunctive relief. The court's action was supported by competent evidence and was based on pleadings clearly giving notice of appellee's fears that she would be, for the second time, forced into an improvident union with a person she did not want, unless by order of the court a determined and unfeeling father, no longer willing to contribute to his daughter's support, could be enjoined from forcing his will upon her less resolute and child-like mind.

All points of error are overruled. Judgment of the district court enjoining appellant is in all things affirmed.

Affirmed.