

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-323-CV

IN THE INTEREST OF L.M., A CHILD

------------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant Father, an incarcerated inmate who appeared pro se at trial and on appeal, appeals the "Order Adjudicating Parentage" in which the trial court adjudicated him as the father of L.M., appointed Appellee Mother as the sole managing conservator of L.M. and Father as the possessory conservator of L.M., and changed L.M.'s name to L.P. In three issues, Father argues that the trial court abused its discretion by not appointing a guardian ad litem for L.M., by granting the name change even though it was included in an unverified petition to

------

[1]See Tex. R. App. P. 47.4.

adjudicate parentage, and by considering the "Application for Protective Order" that was not served on Father. We will affirm.

## II. PROCEDURAL BACKGROUND

Mother filed a "Petition To Adjudicate Parentage" in which she requested the trial court to establish the parent-child relationship between Father and L.M. and stated that good cause existed to change L.M.'s name to L.P. Mother's petition was not verified.

On the same day that Mother filed her petition, she also filed "An Application For A Protective Order," requesting that the trial court issue a protective order because Father had engaged in conduct that constitutes family violence. Specifically, Mother stated that Father had committed acts that were intended by Father to result in physical harm, bodily injury, assault, or sexual assault or were threats that reasonably placed Mother in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Father filed an answer stating that he is the father of L.M. but contesting whether good cause existed to change the name of L.M. Father specifically stated in his answer that he did "NOT contest the temporary order appointing [Mother] as sole managing conservator." Father also requested that the trial court take notice of his past abusive behavior and stated that he had "applied himself during his incarceration to remedy such behavior to prevent such behavior in the future."

2

The trial court held a hearing on the petition to adjudicate parentage and allowed Father to appear by telephone. The parties waived a reporter's record of the hearing. After considering the record before it and hearing the evidence, the trial court, as mentioned above, adjudicated Father as the father of L.M., appointed Appellee Mother as the sole managing conservator of L.M. and Father as the possessory conservator of L.M., and changed L.M.'s name to L.P. The trial court did not rule on Mother's application for a protective order.[2] This appeal followed.

## III. STANDARDS OF REVIEW

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as

---

[2]The docket contains only one entry dated 7-14-09: "Paternity granted. Name changed to [P.]. [Mother] named Sole Managing Conservator. No access is ordered at this time."

long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

In a trial to the court where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996). Where a reporter's record is not requested, we indulge every presumption in favor of the trial court's findings. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

## IV. NO REPORTER'S RECORD TO SUPPORT FATHER'S ARGUMENTS

### A. No Request for Guardian Ad Litem or Objection to Failure to Appoint Guardian Ad Litem

In his first issue, Father argues that the trial court abused its discretion by failing to appoint a guardian ad litem for L.M. Specifically, Father argues that L.M.'s rights were not protected in the absence of the appointment of a guardian ad litem because Mother, acting as next friend of L.M. in urging the name change, had interests adverse to L.M.

Here, the record before us does not reveal that Father ever requested the appointment of a guardian ad litem, and there is no record of the hearing to show whether Father objected to the failure to appoint one. We therefore hold that Father has waived any error regarding the trial court's failure to appoint a guardian ad litem for L.M. *See Bott v. Bott*, 962 S.W.2d 626, 630 (Tex. App.—

4

Houston [14th Dist.] 1997, no pet.) (stating that when a party does not request appointment of a guardian ad litem and does not object to the failure to appoint one, party has waived any error regarding the trial court's failure to appoint a guardian ad litem).  We overrule Father's first issue.

## B.    No Objection to Lack of Verified Petition

In his second issue, Father argues that the trial court abused its discretion by granting the name change, which was requested within the unverified petition to adjudicate parentage.   Specifically, Father argues that Texas Family Code section 45.002(a) requires a petition to change the name of a child to be verified. *See* Tex. Fam. Code Ann. § 45.002(a) (Vernon Supp. 2009).[3]  Assuming without deciding that a petition seeking a name change of a child must be verified when a request for a child's name change is made a part of a chapter 160 proceeding to adjudicate parentage, the record before us does not show that Father specially excepted to the sufficiency of the petition or called the missing verification to the trial court's attention.   Consequently, Father has waived any error presented by the lack of verification.  *See In re C.C.N.S.,* 955 S.W.2d 448, 449 (Tex. App.—Fort Worth 1997, no pet.).

Likewise, in an analogous situation involving an injunction, although Texas Rule of Civil Procedure 682 requires that "[n]o writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his

---

[3]Father does not contest that he received adequate notice of the requested name change.

affidavit and containing a plain and intelligible statement of the grounds for such relief," when a party's petition for temporary injunction was not verified by affidavit and the opposing party did not challenge the sufficiency of the petition by special exception or other pleading and a hearing was held on the petition after notice, it was held that the trial court did not err by granting a temporary injunction despite the fact that the petition for injunction was not verified. *See* Tex. R. Civ. P. 682; *Williams v. City of Tom Bean*, 688 S.W.2d 618, 621 (Tex. App.—Dallas 1985, no writ); *see also Meyer v. Billings*, 481 S.W.2d 958, 959 (Tex. Civ. App.—Austin 1972, no writ) (holding that when party did not except at a time when the omission of the clause could be supplied by amendment and did not complain prior to rendition of judgment, party's complaint that verification of injunction was defective—which came after a full hearing with no objection—was waived).

We therefore hold that Father waived his objection to the unverified petition and that the trial court did not abuse its discretion by granting the name change. We overrule Father's second issue.

### C. No Indication That Trial Court Considered Mother's Application for Protective Order

In his third issue, Father argues that the trial court abused its discretion by considering Mother's application for a protective order because it was not served upon him. As set forth in the procedural section above, the trial court did not rule on the application for protective order, and the order adjudicating parentage

contains no indication that the trial court considered the application for protective order, other than a statement that it had "examin[ed] the record." Also as noted above, Father's answer requested that the trial court take notice of his past abusive behavior. Thus, we cannot see how Father could have been harmed, even if the trial court had considered Mother's application for a protective order, because the trial court had Father's own admissions of abusive behavior before it and because the trial court did not enter a protective order. Indulging every presumption in favor of the trial court's implied findings, we overrule Father's third issue. *See Bryant*, 972 S.W.2d at 31.

## V. CONCLUSION

Having overruled Father's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DELIVERED: August 5, 2010