COURT OF
APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.
2-09-323-CV

 

IN
 THE INTEREST OF L.M., A CHILD                                                                   

------------

FROM
THE 360TH DISTRICT COURT OF TARRANT
COUNTY

------------

MEMORANDUM
OPINION[1]

------------

I. 
Introduction

          Appellant
Father, an incarcerated inmate who appeared pro se at trial and on appeal, appeals
the “Order Adjudicating Parentage” in which the trial court adjudicated him as
the father of L.M., appointed Appellee Mother as the sole managing conservator
of L.M. and Father as the possessory conservator of L.M., and changed L.M.’s
name to L.P.  In three issues, Father
argues that the trial court abused its discretion by not appointing a guardian
ad litem for L.M., by granting the name change even though it was included in
an unverified petition to adjudicate parentage, and by considering the
“Application for Protective Order” that was not served on Father.  We will affirm.

II. 
Procedural Background

          Mother
filed a “Petition To Adjudicate Parentage” in which she requested the trial
court to establish the parent-child relationship between Father and L.M. and
stated that good cause existed to change L.M.’s name to L.P.  Mother’s petition was not verified.

          On the
same day that Mother filed her petition, she also filed “An Application For A
Protective Order,” requesting that the trial court issue a protective order
because Father had engaged in conduct that constitutes family violence.  Specifically, Mother stated that Father had
committed acts that were intended by Father to result in physical harm, bodily
injury, assault, or sexual assault or were threats that reasonably placed
Mother in fear of imminent physical harm, bodily injury, assault, or sexual
assault. 

          Father
filed an answer stating that he is the father of L.M. but contesting whether
good cause existed to change the name of L.M.  Father specifically stated in his answer that
he did “NOT contest the temporary order appointing [Mother] as sole managing
conservator.”  Father also requested that
the trial court take notice of his past abusive behavior and stated that he had
“applied himself during his incarceration to remedy such behavior to prevent
such behavior in the future.” 

          The
trial court held a hearing on the petition to adjudicate parentage and allowed Father
to appear by telephone.  The parties
waived a reporter’s record of the hearing. 
After considering the record before it and hearing the evidence, the
trial court, as mentioned above, adjudicated Father as the father of L.M.,
appointed Appellee Mother as the sole managing conservator of L.M. and Father
as the possessory conservator of L.M., and changed L.M.’s name to L.P.  The trial court did not rule on Mother’s
application for a protective order.[2]  This appeal followed. 

III. 
Standards of Review

          To determine whether a trial court abused its discretion,
we must decide whether the trial court acted without reference to any guiding
rules or principles; in other words, we must decide whether the act was
arbitrary or unreasonable.  Low v.
Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings, 134
S.W.3d 835, 838–39 (Tex. 2004).  An
appellate court cannot conclude that a trial court abused its discretion merely
because the appellate court would have ruled differently in the same
circumstances.  E.I. du Pont de
Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); see also
Low, 221 S.W.3d at 620.

          An
abuse of discretion does not occur when the trial court bases its decisions on
conflicting evidence.  In re Barber,
982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court’s decision.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

          In a trial to the court where no findings of fact or
conclusions of law are filed, the trial court’s judgment implies all findings
of fact necessary to support it.  Pharo
v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  Where a reporter’s record is not requested,
we indulge every presumption in favor of the trial court’s findings.  See Bryant v. United Shortline Inc.
Assurance Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998).

IV.  No Reporter’s
Record to Support Father’s Arguments

A.      No Request for Guardian Ad Litem or
Objection to Failure to Appoint Guardian Ad Litem

 

          In his
first issue, Father argues that the trial court abused its discretion by
failing to appoint a guardian ad litem for L.M.  Specifically, Father argues that L.M.’s rights
were not protected in the absence of the appointment of a guardian ad litem
because Mother, acting as next friend of L.M. in urging the name change, had
interests adverse to L.M. 

          Here,
the record before us does not reveal that Father ever requested the appointment
of a guardian ad litem, and there is no record of the hearing to show whether
Father objected to the failure to appoint one. 
We therefore hold that Father has waived any error regarding the trial
court’s failure to appoint a guardian ad litem for L.M.  See Bott
v. Bott, 962 S.W.2d 626, 630 (Tex. App.––Houston [14th Dist.] 1997, no
pet.) (stating that when a party does not request appointment of a guardian ad
litem and does not object to the failure to appoint one, party has waived any
error regarding the trial court’s failure to appoint a guardian ad litem).  We overrule Father’s first issue.

          B.      No
Objection to Lack of Verified Petition

          In his
second issue, Father argues that the trial court abused its discretion by
granting the name change, which was requested within the unverified petition to
adjudicate parentage.  Specifically,
Father argues that Texas Family Code section 45.002(a) requires a petition to
change the name of a child to be verified. See
Tex. Fam. Code Ann. §
45.002(a) (Vernon Supp. 2009).[3]  Assuming without deciding that a petition
seeking a name change of a child must be verified when a request for a child’s
name change is made a part of a chapter 160 proceeding to adjudicate parentage,
the record before us does not show that Father specially excepted to the
sufficiency of the petition or called the missing verification to the trial
court’s attention.  Consequently, Father
has waived any error presented by the lack of verification.  See In
re C.C.N.S., 955 S.W.2d 448, 449 (Tex. App.––Fort Worth 1997, no pet.).

          Likewise,
in an analogous situation involving an injunction, although Texas Rule of Civil
Procedure 682 requires that “[n]o writ of injunction shall be granted unless
the applicant therefor shall present his petition to the judge verified by his
affidavit and containing a plain and intelligible statement of the grounds for
such relief,” when a party’s petition for temporary injunction was not verified
by affidavit and the opposing party did not challenge the sufficiency of the
petition by special exception or other pleading and a hearing was held on the
petition after notice, it was held that the trial court did not err by granting
a temporary injunction despite the fact that the petition for injunction was
not verified.  See Tex. R. Civ. P. 682; Williams
v. City of Tom Bean, 688 S.W.2d 618, 621 (Tex. App.––Dallas 1985, no writ);
see also Meyer v. Billings, 481
S.W.2d 958, 959 (Tex. Civ. App.––Austin 1972, no writ) (holding that when party
did not except at a time when the omission of the clause could be supplied by
amendment and did not complain prior to rendition of judgment, party’s
complaint that verification of injunction was defective––which came after a
full hearing with no objection––was waived).

          We
therefore hold that Father waived his objection to the unverified petition and
that the trial court did not abuse its discretion by granting the name
change.  We overrule Father’s second
issue.

C.      No Indication That Trial Court Considered
Mother’s Application for Protective Order

 

In his third issue, Father argues
that the trial court abused its discretion by considering Mother’s application
for a protective order because it was not served upon him.  As set forth in the procedural section above,
the trial court did not rule on the application for protective order, and the
order adjudicating parentage contains no indication that the trial court considered
the application for protective order, other than a statement that it had
“examin[ed] the record.”  Also as noted
above, Father’s answer requested that the trial court take notice of his past
abusive behavior.  Thus, we cannot see
how Father could have been harmed, even if the trial court had considered Mother’s
application for a protective order, because the trial court had Father’s own admissions
of abusive behavior before it and because the trial court did not enter a
protective order.  Indulging every
presumption in favor of the trial court’s implied findings, we overrule
Father’s third issue.  See Bryant,
972 S.W.2d at 31.

V. 
Conclusion

          Having
overruled Father’s three issues, we affirm the trial court’s judgment.

                                                                             

PER CURIAM                 

PANEL:  WALKER, GARDNER, and MCCOY, JJ.

DELIVERED:  August 5, 2010











[1]See Tex. R. App. P. 47.4.





[2]The
docket contains only one entry dated 7-14-09: 
“Paternity granted.  Name changed
to [P.]. [Mother] named Sole Managing Conservator. No access is ordered at this
time.” 





[3]Father
does not contest that he received adequate notice of the requested name change.